UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Marcia Spahr

    v.                                        Civil No. 07-cv-227-SM

Commissioner, Social Security
Administration, et al.

**REPORT AND RECOMMENDATION**

Pro se plaintiff Marcia Spahr, a resident of Freeport, Illinois, brings this action pursuant to 42 U.S.C. § 405(g) and Illinois state law.[1]  Construed liberally, the complaint seeks an increase in disability insurance benefits, and/or a retroactive reinstatement of benefits, awarded to Spahr in 1989 pursuant to Title II of the Social Security Act, 42 U.S.C. § 423 (document nos. 1, 3, 5 and 6).  In addition, the complaint appears to allege supplemental state law claims arising out of Spahr's overpayment of utility bills, her request for food stamps and

---

[1] Although Spahr has signed the complaint individually, she alleges claims on behalf of several other individuals residing in Freeport, Illinois.  As a non-attorney, she may not represent the interests of other individuals.  "The federal courts have consistently rejected attempts at third-party lay representation."  See Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982).  Accordingly, I construe the complaint to be filed by Spahr in her individual capacity.

injuries that she sustained during an automobile accident and a shooting.  Named as defendants are the Commissioner of the Social Security Administration ("SSA"), the United States Army[2], and unnamed utility and insurance companies.

The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted.  See 28 U.S.C. § 1915; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1).  For the reasons stated below, I recommend that this action be dismissed.

The statute governing judicial review of final decisions[3] by the Commissioner of the SSA states, in relevant part, that a civil action to review such decision must be "brought in the

---

[2] The complaint fails to identify any claim against the United States Army.

[3] The record is unclear as to whether Spahr has exhausted administrative remedies.  To the extent she has failed to exhaust her administrative remedies set forth in 42 U.S.C. § 405(g) and its implementing regulations, this court lacks jurisdiction over her social security claims.  See Weinberger v. Salfi, 422 U.S. 749, 763-64 (1975) (holding that a final decision of the Commissioner made after a hearing is central to the requisite grant of subject-matter jurisdiction); see also Sims v. Apfel, 530 U.S. 103, 107 (2000) (holding that where a claimant fails to request review from the Social Security Appeals Council, there is no final decision and therefore no judicial review because he has failed to exhaust administrative remedies).

district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia." 42 U.S.C. § 405(g). Where, as here, an action is filed in the wrong judicial district, it must be transferred to the proper judicial district, see Adams v. Barnhart, No. O3 Civ. 1362KMWGWG, 2003 WL 21912543, at *1 (S.D.N.Y. Aug. 8, 2003); McNemere v. Bullock County Soc. Sec. Dep't, 2001 WL 303289, at *1 (S.D. Ala. Mar. 13, 2001), or dismissed, see Bercovici v. Sullivan, 1993 WL 106376, at *1 (S.D.N.Y. Apr. 7, 1993).

Spahr currently resides in Freeport, Illinois, and there is no indication that she has a principal place of business in the State of New Hampshire. She is barred from filing by the United States District Court for the Northern District of Illinois, therefore, transfer is futile. Accordingly, I recommend that this action be dismissed.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint. If the plaintiff disagrees with the identification of the claims herein,

plaintiff must do so by filing an objection within ten (10) days of receipt of this report and recommendation, or by properly moving to amend the complaint.

Any further objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

                                        /s/ James R. Muirhead
                                        James R. Muirhead
                                        United States Magistrate Judge

Date: November 1, 2007

cc:   Marcia Spahr, pro se